**Zheng Zhong ZHANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–0842–AG.**

United States Court of Appeals, Second Circuit.

Feb. 6, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney, Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Laura Thomas Rivero, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Zheng Zhong Zhang petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA issues a so-called "affirmance without opinion," this Court reviews only the IJ's decision. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004).

The IJ's determination that Zhang was not credible because: (1) his oral testimony was inconsistent with his airport interview and credible fear interview; (2) his submitted documentary evidence did not support his claims; and (3) his oral testimony was inconsistent with his written application is substantially supported by the record as a whole. While his conclusion that parts of Zhang's testimony were implausible constituted improper speculation, remand is not necessary because the valid bases for the IJ's adverse credibility determination so far outweigh the erroneous basis that Zhang would have "no realistic possibility of a different result on remand." *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

Because the IJ's denial of asylum was proper, it necessarily follows that denial of withholding of removal, which carries a higher burden of proof, was also proper. Zhang did not address the IJ's denial of CAT relief or his frivolous finding in his brief, and therefore waived any challenge to those determinations. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).